UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-000140-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| SEAN RYAN HANICH, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is Defendant Sean Ryan Hanich's Motion for Early Termination of Probation (Dkt. 55). The government opposes the motion. For the reasons set forth below, the Court, will deny the motion.

## BACKGROUND

On July 15, 2014, Hanich was indicted on seven counts: 1) conspiracy to distribute methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846; 2-7) distribution of methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846.1. On October 22, 2014, Hanich entered into a plea agreement,

MEMORANDUM DECISION AND ORDER - 1

pleading guilty to count one: conspiracy to distribute methamphetamine. On June 9, 2015, Mr. Hanich was sentenced to 77 months imprisonment to be followed by five years of supervised release. Counts 2-7 were dismissed upon motion of the United States.

Hanich began his five-year term of supervision on March 1, 2019. Having demonstrated substantial compliance since this time, Hanich contacted the Federal Defenders to assist him in filing a motion for early termination of supervised release.

## LEGAL STANDARD

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quoting *United States v. Emmett*, 749 F.3d 817, 820–21 (9th Cir. 2014)) (internal quotation marks omitted). "Section 3583(e)(1) provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)) (citation and internal quotation marks omitted). Those relevant factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with education, vocational

training, medical care, or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(3), (a)(4), (a)(5), (a)(6), and (a)(7).

As explained by the Ninth Circuit, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Ponce*, 22 F.4th at 1047 (quoting *Emmett*, 749 F.3d at 819 (quoting 18 U.S.C. § 3583(e)(1)). The Ninth Circuit determined in *Emmett* and reaffirmed in *Ponce* that "[t]he text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship." *Id.*

The Judicial Conference on Criminal Law counsels the United States Probation Office ("USPO") that there is a presumption in favor of recommending early termination of supervision where the person has been under supervision for at least 18 months, is not a career drug or violent offender, presents no identifiable risk to the public, and has not committed any moderate to high severity violations of their supervision conditions. *See* Guide to Judiciary Policy, Vol. 8, Part E, § 380.10(b)(1), (b)(2), (b)(3).

## ANALYSIS

### 1.  Relevant § 3553(a) Factors

Because (1) the USPO, despite the presumption discussed above, has chosen to remain neutral with respect to Hanich's motion (Dkt. 55) and (2) the Government opposes Dixon's motion (Dkt. 57), the Court has turned to and reviewed all the § 3553(a) factors. In particular, the Court notes the following factors militate against the early termination of Hanich's supervised release

#### A.  Nature and Circumstances of the Offense

Hanich's offense involved his selling 237.8 grams of actual methamphetamine – a significant amount of actual methamphetamine – to law enforcement over the span of multiple controlled buys after information from a confidential informant indicated that the Defendant had sold methamphetamine to the confidential informant on a previous occasion. The Court finds that the nature and characteristic of the offense merits continued probation.

#### B.  History and Characteristics of Defendant

Hanich's offense was not his first drug-related offense. Hanich has an extensive criminal history, which equated to a criminal history score of seven and a criminal history category of IV under the U.S. Sentencing Commission Guidelines. As early as age 14, Hanich was convicted for possession of a controlled substance. And following a conviction for aggravated battery in February of 2005, Hanich

violated the terms of his probation by failing to make payments to his restitution,

failing to pay cost of supervision, failing to complete community service, failing to

maintain employment, failing to report to probation, consumption of alcohol, and

refusal to submit to urinalysis testing.

During his current term of supervised release, Hanich has taken steps toward

rehabilitation including participation in the Residential Drug Abuse Program

during incarceration and obtaining his current employment. He also has been living

with his fiancé the past two years, who apparently provides him with significant

support. But Hanich violated the terms of his supervision by failing a urinalysis

test. Hanich contends that he viewed this setback as an opportunity rather than a

setback – which, again, the Court commends; however, this violation underscores

the importance of continued supervision to ensure he remains on the path to full

rehabilitation. As the government notes, continued supervision is not intended to

punish Hanich but necessary to keep him accountable to himself and the Court. *See*

*United States v. Smith*, 219 F. App'x 666, 668 (9th Cir. 2007) ("It is also not

irrational to conclude that drug testing reinforces the rehabilitative purpose of

supervised release where Smith has demonstrated such remarkable progress

without drugs.").

MEMORANDUM DECISION AND ORDER - 5

## 2. Interests of Justice

Hanich contends that supervised release has ceased to assist him and instead has become an obstacle to his full transition back to the community. As evidence of this, he notes that he pays $100 peer week to attend his relapse prevention class, and he had to pay $250 for a substance use disorder assessment – according to Hanich, "these extra costs only hinder him from supporting his children and attaining further set goals, like purchasing a house." *See* Dkt. 55 at 9. But Hanich has shown a propensity to relapse absent such safeguards – and the cost of relapse would be much higher than the cost of attending the relapse prevention class. And if Hanich genuinely believes he no longer needs the relapse prevention class – which the Court acknowledges is a significant expense – perhaps the remedy is to terminate the relapse prevention class requirement and not supervised release in its entirety.

In sum, the Court respects the strides Hanich has made towards rehabilitation and sincerely hopes his progress continues. That said, the Court finds that the interests of justice are best served by having Hanich serve the remaining time of his supervised release to ensure that Hanich remains accountable to himself, the Court, and the community.

MEMORANDUM DECISION AND ORDER - 6

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of

Probation (Dkt. 55) is **DENIED.**

DATED: March 3, 2023

_____
B. Lynn Winmill
U.S. District Court Judge